UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

JAMES VARGO,

                Petitioner,

-against-                                          **ORDER**
                                                             06-CV-04846 (NGG)

UNITED STATES of AMERICA,

                Respondent.
---------------------------------------------------------X

GARAUFIS, United States District Judge:

In this civil action, Petitioner James Vargo ("Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Petitioner has requested that the court appoint Lawrence Stern counsel to represent him in this matter. In an August 8, 2007 letter, the Government advised the court that it does not oppose this request. At this time, the court considers only this request for appointment of counsel and not the merits of the underlying petition. For the reasons described below, the request is granted.

Under 28 U.S.C. § 2255, this "court may appoint counsel" and the "[a]ppointment of counsel shall be governed by section 3006A of title 18. Under 18 U.S.C. § 3006(A)(2), a federal court may appoint counsel for a financially eligible habeas corpus petitioner when "the interests of justice so require." Further, Rule 8 of the Rules Governing Section 2255 Cases in the United States District Courts require the appointment of counsel when an evidentiary hearing is warranted.

Under a previous statute that was analogous to 28 U.S.C. § 3006A, the Second Circuit announced the following framework for evaluating requests for the appointment of counsel:

> In deciding whether to appoint counsel, . . . the district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986). Cf. Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 174 (2d Cir. 1989) ("Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent."). More recently, district courts in this circuit have considered factors similar to those discussed in Hodge. See Gonzalez v. People, No. 05 Civ. 9028 (GEL), 2006 WL 728482, at *1 (Mar. 21, 2006) ("In determining whether to grant discretionary appointment of counsel, courts in this circuit have looked to such factors as the petitioner's likelihood of success on the merits, the complexity of the legal issues raised by the petition, and the petitioner's ability to investigate and present the case.") (internal quotations omitted).

On August 29, 2006, the court received an undated affidavit from Petitioner which states that he is without the financial means to retain an attorney and that he has been able to find an attorney despite having attempted to do so. (Affirmation in Support of a Request for Court

Appointed Counsel ¶ 2.) As a result, Petitioner is "financially eligible" within the meaning of Section 3006A.

Petitioner's only claim for relief is ineffective assistance of counsel. In denying Petitioner's direct appeal, the Second Circuit explained that "Vargo's allegations about trial counsel's performance in this case are indeed serious[.]" United States v. Vargo, 185 Fed. Appx. 111, 113, (2d Cir. June 27, 2006). Above all else, Petitioner's trial counsel failed to object to the admission of potentially prejudicial evidence that Vargo participated in a robbery. The Second Circuit states that "[w]e think that in this case, there is a strong argument that the evidence of the robbery was unduly prejudicial and should not have been admitted." Petitioner's claim of ineffective assistance of counsel is clearly "of substance." Further, the instant claim for ineffective assistance of counsel will involve numerous legal complexities and subtleties. As a result, I find that appointment of counsel is warranted in this case. Because Lawrence Stern represented Petitioner on his direct appeal and both parties agree that Mr. Stern is best suited to represent Petitioner in this proceeding pursuant to Section 2255, I appoint Lawrence Stern to represent Petitioner in this matter.

SO ORDERED.

Dated: August 10, 2007
Brooklyn, N.Y.

/signed/
NICHOLAS G. GARAUFIS
United States District Judge